LEONARD G. BAXTER AND CONNIE J. BAXTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baxter v. Commissioner
Docket No. 15927-82.
United States Tax Court
T.C. Memo 1983-639; 1983 Tax Ct. Memo LEXIS 147; 47 T.C.M. (CCH) 106; T.C.M. (RIA) 83639; October 17, 1983. Leonard G. and Connie J. Baxter, pro se. Peter M. Ritteman and Roberta M. Hamm, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned pursuant to Delegation Order No. 8, 81 T.C. VII (1983) to Special Trial Judge John J. Pajak for the purpose of considering and ruling on respondent's Motion for Summary Judgment. After reviewing the record, we agree with and adopt his opinion which is set forth below. *148 OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121 [1] on July 21, 1983. Petitioners filed a Notice of Objection on August 30, 1983. Petitioners resided in Inkster, Michigan when they filed their petition. Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $5,681.00 and an addition to tax under section 6653(a) in the amount of $284.05. [2]
Petitioners reported $36,916.00 in Form W-2 wages on their 1980 return and deducted the same amount as so-called "Non-taxable receipts." They also showed receipt of $2,782.00 in unemployment compensation but did not include that amount in taxable income on their return. Respondent determined that the $36,916.00 deducted as non-taxable receipts was improper and that the unemployment compensation of $2,782.00 was taxable income. [3] Respondent also allowed petitioners itemized *149 deductions since the itemized deductions exceeded the standard deduction. Neither the Internal Revenue Code nor any other statute makes provision for a deduction for "Non-taxable receipts." It is a well established principle of law that deductions or credits are a matter of legislative grace and are not allowable unless Congress has specifically provided for them. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Montgomery v. Commissioner,64 T.C. 175, 182-183 (1975), affd. 535 F.2d 1088 (6th Cir. 1976). Gross income means all income from whatever source derived including (but not limited to) wages. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). *150 Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). We agree with respondent that there is no dispute as to any material issue of fact and that no justiciable error has been alleged in petitioners' petition with respect to respondent's determination of the deficiency and addition to tax. We find that petitioners' tax-protestor contentions are frivolous and have been consistently rejected by the courts. See e.g. Rowlee v. Commissioner,80 T.C. 1111 (1983); Tuckett v. Commissioner,T.C. Memo. 1983-575; Perkins v. Commissioner,T.C. Memo. 1983-474. Respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact in this case and thus respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted in every respect. [4]
Under section 6673, whenever it appears to this Court that proceedings *151 before it have been instituted by the taxpayer "merely for delay," damages in an amount not in excess of $500.00 shall be awarded to the United States by the Court in its decision and thereafter assessed and collected as a part of the tax. An exhaustive discussion of reasons why such damages are awarded is set forth in Perkins v. Commissioner,supra. We see no need to reiterate that discussion here. Upon a review of the record before us, we conclude that this case was brought merely for delay and the $500.00 maximum damages will be awarded pursuant to section 6673. [5]
An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable year in issue.↩
3. Since petitioners did not allege error as to the determination that the unemployment compensation was taxable income, we deem this issue as conceded. In any event, our separate calculations show that the unemployment compensation was taxable in full. Section 85.↩
4. Not only is there no authority with respect to this case to award petitioners' costs and disbursements as requested in their petition, they clearly are not entitled to them.↩
5. Petitioners should be advised that for proceedings commenced after December 31, 1982, this section permits this Court to impose damages up to $5,000.00 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See sections 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574.↩